IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA VASQUEZ,              CASE NO:  8:23-cv-01041-WFJ-AAS

       Plaintiff,

v.

DIRECT HOME LOGISTICS INC.,
MARCUS FUREY ELDRIDGE, and
MICHAEL F. ELDRIDGE,

       Defendant(s).

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM

COMES NOW, DIRECT HOME LOGISTICS, INC. ("DHL"), MARCUS FUREY ELDRIDGE ("Marcus"), and MICHAEL F. ELDRIDGE ("Michael"), Defendants, individually, by and through undersigned counsel, file Defendants' Answer and Affirmative Defenses, to the Complaint filed by Plaintiff, JOSHUA VASQUEZ ("Vasquez") and says:

1.     Admitted in part and Denied in part, therefore Denied. Admitted Plaintiff filed a claim alleging unpaid wages.  Denied that Defendants, DHL, Marcus and Michael are liable.  All remaining allegations are Denied.

1

2.    Admitted Plaintiff advised Defendants he was a resident of

Hillsborough County, otherwise Defendants are without knowledge and

therefore Denied.

3.    Admitted.

4.    Admitted

5.    Admitted.

6.    Admitted DHL transacts its business in Hillsborough County

Florida and is headquartered in Hillsborough County Florida otherwise

Denied..

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Admitted in part Denied in part therefore Denied.  Admitted that

Plaintiff worked at the Business until Plaintiff's employment ended on

September 9, 2022.

11.    Denied.

12.    Denied and Demand strict proof thereof.

13.    Denied and Demand strict proof thereof.

14.    Denied and Demand strict proof thereof.

15.    Denied and Demand strict proof thereof.

16.    Denied and Demand strict proof thereof.

17.    Denied and Demand strict proof thereof.

18.    Admitted in part and Denied in part, therefore Denied.

Admitted Marcus and Michael were officers of DHL.  Denied Marcus and

Michael had operational control of the Business's financial affairs.

2

19.    Denied and demand strict proof thereof.

20.    Admitted.

21.    Admitted.

22.    Admitted.

23.    Admitted.

24.    Admitted

25.    Admitted.

26.    Without knowledge and therefore Denied.

## COUNT 1-FSLA VIOLATIONS UNDER THE
## FAIR LABOR STANDARDS ACT
### (against DIRECT HOME, MARCUS and MICHAEL)

27.    Defendants re-alleges and incorporates by reference the answers

to the allegations in Paragraphs 1 through 26 of this Answer as if fully set

forth herein.

28.    Denied.

29.    Denied.

30.    Admitted.

31.    Admitted.

32.    Admitted.

33.    Denied and demands strict proof thereof.

34.    Denied and demands strict proof thereof.

35.    Denied and demands strict proof thereof.

36.    Denied and demand strict proof thereof.

37.    Denied and demand strict proof thereof

38.    Defendant is without knowledge and therefore Denied.

## AFFIRMATIVE DEFENSES

In asserting the defenses that follow, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendants are continuing to investigate Plaintiff's allegations; therefore, they reserve the right to amend this Answer and Affirmative Defenses consistent with the Federal Rules of Civil Procedure.

### First Affirmative Defense

Defendants deny each and every allegation in the Complaint not specifically admitted herein to be true.

### Second Affirmative Defense

Plaintiff fails to state any claim upon which relief may be granted.

### Third Affirmative Defense

The Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendants, Plaintiff's damages are limited to the extent that Plaintiff has failed to reasonably mitigate such damages.

## Fifth Affirmative Defense

To the extent Plaintiff's cause of action, claims, and items of damages did not accrue within the time prescribed by law for them before this action was brought, such claims must be dismissed.

## Sixth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, unclean hands, and/or laches.

## Seventh Affirmative Defense

At all times relevant to this suit, Defendants acted in good faith with regard to Plaintiff, and had reasonable grounds for believing that its actions were not in violation of any law, rule, or regulation.

## Eighth Affirmative Defendants

Plaintiff's alleged damages are speculative and uncertain, or both, and therefore non-compensable.

## Nineth Affirmative Defense

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendants, Plaintiff's alleged damages are controlled

and/or are limited by the damage caps imposed by federal law and Constitutional limits.

### Tenth Affirmative Defense

Defendants deny each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

### Eleventh Affirmative Defense

Defendants reserve the right to assert additional defenses that they learn through the course of discovery.

### Twelfth Affirmative Defense

Plaintiff's damages, if any, were not proximately caused by the conduct of Defendants. To the extent Plaintiff has suffered any damages, it was not caused by Defendants.

### Thirteenth Affirmative Defense

Some or all of Plaintiff's claims are not actionable or otherwise cease to have any legal effect to the extent they fall outside the applicable statute of limitations.

### Fourteenth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because of any loss resulting from Plaintiff's own actions.

### Fifteenth Affirmative Defense

The Complaint is without merit such that Defendants are entitled to an award of attorneys' fees and costs for having to defend such an action.

### Sixteenth Affirmative Defense

At all times, Defendants' actions were lawful, justified, and made in good faith.

### Seventeenth Affirmative Defense

Plaintiff's claims are without merit as Plaintiff was paid and received all the wages, regular and overtime, he earned according to his payroll stubs for which he never complained of any underpayment.

### Eighteenth Affirmative Defense

Plaintiff's claims are without merit as Plaintiff did not work any hour, day or week for which he was not paid for said time and as such, can offer no proof or evidence otherwise.

### Nineteenth Affirmative Defense

While Marcus Furey Eldridge is stockholder and a figurehead officer of Direct Home Logistics, Inc., he lives in Wakefield, Rhode Island and has nothing to do with the operations or the finances of the company.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request that (a) Plaintiff's claims be stricken or dismissed with prejudice; (b) each and every prayer for relief in

Plaintiff's Complaint be denied; (c) judgment be entered in favor of Defendant.

Defendants reserve the right to assert such other affirmative or other defenses as they become known through the course of discovery.

## COUNTERCLAIMS

Counter-Plaintiffs DIRECT HOME LOGISTICS, INC. ("DHL"), MARCUS FUREY ELDRIDGE ("Marcus"), and MICHAEL F. ELDRIDGE ("Michael"), by and through the undersigned counsel, hereby bring these Counterclaims for bad faith, and fraud against Counter-Defendant JOSHUA VASQUEZ (hereinafter "Counter-Defendant" or "Vasquez") and in support states as follows:

### NATURE OF COUNTERCLAIMS

1.      This is an action for monetary damages and permanent injunctive relief against Counter-Defendant Vasquez.

2.      This action is brought due to bad faith, and fraud.

### PARTIES

3.      Defendant/Counter-Plaintiff Direct Home Logistics, Inc. (hereinafter "Counter-Plaintiff" or "DHL") is a Florida corporation which operates and has its principal place of business in Hillsborough County, Florida.

4.     Defendant/Counter-Plaintiff Marcus Furey Eldridge (hereinafter "Marcus") is an individual who resides in Washington County, Wakefield, Rhode Island.

5.     Defendant/Counter-Plaintiff Michael F. Eldridge (hereinafter "Michael") is an individual who resides in Hillsborough County, Florida.

6.     On information and belief, Plaintiff/Counter-Defendant Vasquez is an individual who works in Hillsborough County, Florida and resides in Pasco County, FL.

## JURISDICTION AND VENUE

7.     This is an action for damages that exceed $30,000.00.

8.     Counter-Defendant Vasquez was an employee of Counter-Plaintiff DHL from May of 2022 until September of 2022.

9.     Counter-Plaintiffs performed all conditions precedent to be performed by Counter-Plaintiffs or the conditions have occurred.

10.    Counter-Plaintiffs have been forced to retain the law firm of Stephen J. Stanley, Attorney & Counselor at Law for representation in this action. Pursuant to Federal Statute, the Counter-Defendant is responsible for said attorney's fees.

## GENERAL ALLEGATIONS

9

11.    In or around June of 2022, Counter-Defendant Vasquez was hired by Counter-Plaintiffs as a truck delivery driver. Counter-Defendant Vasquez was paid $200 a day plus bonuses against $10 per hour for an 8-hour day, 40 hours a week plus time and a half overtime, if worked.

12.    Counter-Defendant Vasquez terminated his employment with DHL on or about September 23, 2022.

13.    Counter-Defendant Vasquez was paid a total of $12,074.00 for his work at DHL from the pay period beginning May29, 2022 through the pay period ending September 24, 2022.  See copy of pay stubs attached hereto and incorporated herein as Exhibit 1.

14.    Counter-Defendant was paid $5924.00 in regular pay, the equivalent of 592.4 hours of regular time at $10 per hour plus and additional bonus pay of $6,150.00 which is the equivalent of 410 overtime hours at time and a half or $15 per hour.  See Exhibit A.

15.    Counter Defendant Vasquez was at all times more than fully compensated for the time he worked at DHL during the aforesaid  time period. See Exhibit 1.

16.    Counter Defendant Vasquez did not work any regular time nor overtime for which he was not compensated.  See Exhibit 1.

**17.**    On or around September 23, 2022, Vasquez terminated his employment with DHL.

**18.**    Counter Defendant now claims overtime without merit in bad faith in a fraudulent attempt to obtain pecuniary gain for which he is not entitled.

**COUNTERCLAIM I – STATUTORY AND
COMMON LAW BAD FAITH**

19.    Counter-Plaintiffs fully reallege Counterclaim paragraphs 1-18 as if fully alleged herein.

20.    Counter-Defendant Vasquez had a duty to act in good faith with regard to his employment with Counter-Plaintiffs.

21.    Counter-Defendant Vasquez failed to exercise good faith, diligence, and thoroughness in seeking an unjust claim for payment for overtime against his former employer, Counter-Plaintiff DHL pursuant to the FLSA, for which he is not due.

22.    Counter-Defendant Vasquez acted with wanton disregard for Counter-Plaintiffs.

23.    As a result of Counter-Defendant Vasquez's actions and inactions as aforesaid, Counter-Plaintiffs have sustained damages.

24.    Counter-Plaintiffs reserve the right to pursue in this action claims for common law and statutory bad faith.

25.     Counter-Plaintiffs have retained the undersigned counsel and are obligated to pay undersigned counsel attorney's fees to enforce their rights for the subject action.

26.     Counter-Plaintiffs are entitled to attorney fees pursuant to the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Counter-Plaintiffs pray this Court award judgment in their favor against Counter-Defendant Vasquez for economic damages, pre- and post-judgment interest, attorney's fees and costs and such other relief as this Court deems proper.

## COUNTERCLAIM II – FRAUD

27.     Counter-Plaintiffs fully reallege Counterclaim paragraphs 1-18 as if fully alleged herein.

28.     This is an action for equitable relief that exceeds $30,000.00.

29.     Counter-Plaintiffs have performed all conditions precedent to be performed by Counter-Plaintiffs or the conditions have occurred.

30.     Counter-Defendant Vasquez alleges to have worked overtime unpaid and not accounted for, while simultaneously receiving regular pay and bonus pay from Counter-Plaintiff.  See Exhibit 1.

31.     Counter-Defendant Vasquez's claim that he worked overtime unpaid and not accounted for is a false statement concerning a material fact, the essence of his claim.

32.     Counter-Defendant Vasquez alleges he worked approximately six hundred (600) overtime hours.  See Complaint, Doc 1-1 pg. 4, par. 33.

33.     Counter-Defendant Vasquez alleges he was not compensated for all the overtime hours at the rate of time-and-a-half the regular pay.  DOC 1-1, pg. 4, par. 34.

34.     Counter-Defendant Vasquez alleges Counter-Plaintiffs, DHL Marcus and Michael, owe him double the amount of overtime pay for intentional and willful violation of FLSA.  Doc 1-1, pg. 4, par.  35-36.

35.     Counter-Defendant Vasquez alleges Counter-Plaintiffs Marcus and Michael or jointly and severally liable along with DHL pursuant to FLSA for Vasquez's unpaid wages.

36.     Counter-Defendant Vasquez is well aware that he was paid more than the minimum wages including any time-and-a-half overtime pursuant to FLSA by Counter-Plaintiff DHL for the period of his employment therewith. See Exhibit 1.

37.     Counter-Defendant Vasquez knew his allegations that he was due unaccounted for overtime wages were false.  See Exhibit 1

38.    Counter-Defendant Vasquez intended by making the allegation that he was due unaccounted for overtime wages would induce Counter-Plaintiffs to pay him and/or the Court to award him double overtime wages for which he is not entitled.

39.    Counter-Defendant Vasquez was acting in bad faith with Counter-Plaintiffs, in an attempt to defraud Counter-Plaintiffs, and be unjustly enriched as a direct result of Counter-Defendant Vasquez's fraudulent claims and bad faith acts.

40.    Reliance on Counter-Defendant Vasquez's claims will result in unfounded damages to Counter-Plaintiffs and would unjustly enrich Counter-Defendant Vasquez if he was paid the amount he claims.

41.    Counter-Plaintiffs have retained the undersigned counsel and are obligated to pay undersigned counsel attorney's fees to enforce their rights for the subject action.

42.    Counter-Plaintiffs are entitled to attorney fees pursuant to the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, the Counter-Plaintiffs pray this Court award judgment against Counter-Defendant Vasquez for damages in excess of Thirty Thousand ($30,000.00) dollars plus attorney fees and costs, and any and all other such relief that this Court deems proper.

Dated: May 18, 2023                    /s/Stephen J. Stanley

                                       _____
                                       STEPHEN J. STANLEY, Esq.


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished via the CM/ECF system with the Clerk of the Court, Middle District of Florida on this 18th day of May, 2023, which will send notice of electronic filing to the counsel of record and by email to robert@whitetwombly.com, paralegalryt@whitetwombly.com, Robert Twombly, Esquire, White & Twombly, P.A, 9999 NE 2nd Ave., Ste 306, Miami, FL 33138.


                                       /s/Stephen J. Stanley
                       By: _____
                                       STEPHEN J. STANLEY
                                       Attorney & Counselor at Law
                                       Florida Bar No. 0076082
                                       412 E. Madison Street, Suite 1100
                                       Tampa, Florida 33602
                                       Tele. (813) 226-2727
                                       Fax. (813) 200-1013
                                       sjs@stephenjstanleylaw.com
                                       Attorney for the Defendants