## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOSHUA VASQUEZ**,

      Plaintiff,

v.                                                      Case No. 8:23-cv-01041-WFJ-AAS

**DIRECT HOME LOGISTICS INC.**, and
**MICHAEL F. ELDRIDGE**,

      Defendants.

_____/

## ORDER

Before the Court is Plaintiff's Verified Motion for Attorneys' Fees and Costs Pursuant to 29 U.S.C. § 216(b) and Local Rule 7.1, Doc. 65. Defendants have filed a response in opposition, Doc. 66. Upon careful review of the filings, Plaintiff's motion is granted in part. Plaintiff may recover $6,643.24 in costs and $8,301 in fees.

## BACKGROUND

In January 2023, Plaintiff Joshua Vasquez filed suit against Defendants Direct Home Logistics Inc., Marcus Furley Eldridge, and Michael F. Eldridge in Florida state court. *See generally* Doc. 1-1. Defendants were served with process in April and May of 2023, and removed the case to this Court on May 11. Doc. 1 at 2. The

1

complaint alleged a violation of 29 U.S.C. § 207, the Fair Labor Standards Act of 1938, for Defendants' failure to properly pay Mr. Vasquez for overtime worked. Doc. 1-1 at 4–5. Mr. Vasquez worked as a driver for Direct Home's trucking related business. Doc. 64 at 1–2. Per the complaint, Mr. Vasquez allegedly worked 600 overtime hours for which Defendants owed him $9,000. Doc. 1-1 at 2.

The parties, excluding Marcus Furley Eldridge,[1] proceeded to a two-day bench trial beginning June 27, 2024. Docs. 55, 58. Relevant here, defense counsel cross examined Mr. Vasquez about his pre-trial interrogatory answers, which did not align with his live testimony. Doc. 62 (Transcript of Bench Trial Day One) at 44–58. Specifically, Mr. Vasquez testified he did not work every week of the relevant period, while his interrogatory answers reflected he worked eighty hours per week for sixteen consecutive weeks. *Id.* at 49; Doc. 61-2 at 4–5.

The Plaintiff's trial testimony was spotty and not credible. The Plaintiff's claims varied and conflicted.

All in all, his interrogatories advanced a total of 640 hours of overtime worked, amounting to "approximately $27,851.00 - $28,275.00" in overtime compensation earned that Defendants never paid. Docs. 66 at 3; 61-2 at 6. In closing argument, Plaintiff's counsel calculated yet another figure that Defendants allegedly

---

[1] Plaintiff voluntarily dropped Marcus Furley Eldridge as a Defendant on June 26, 2024. Doc. 51.

owed Mr. Vasquez for overtime worked: $3,362.25. Doc. 63 (Transcript of Bench Trial Day Two) at 34. Ultimately, the Court could rely upon only Defendants' Dispatch Track Route Summary Report to conclude that Plaintiff worked 34.37 overtime hours, for which Defendants owed him $443.21. Doc. 64 at 6. This was the only consistent and apparently accurate and logical figure presented at any time in this case. Adding the liquidated damages required by statute, the Court found Defendants liable for $886.42 in total. *Id.* at 7.

Plaintiff now moves for attorneys' fees and costs. Doc. 65. Pursuant to the hourly rates of $550/hour and $350/hour, Plaintiff's attorneys claim 124 hours of work have resulted in $52,295 in fees. Doc. 65 at 3, 8. Plaintiff's attorneys also request $8,107 for costs. Doc. 65 at 3, 7–8. Defendants offer many reasons why Plaintiff's request is unreasonable, including but not limited to Plaintiff's: failure to contact Defendants or their counsel before filing the lawsuit, repeated rejection of settlement offers, excessive rates and time spent, and lack of successful result. Doc. 66 at 2, 5, 6–8, 10–13. Defendants acknowledge that the FLSA entitles Plaintiff to collect reasonable attorneys' fees, but argue that this is a case where Plaintiff's award should be significantly reduced if not zero. *Id.* at 13.

**LEGAL STANDARD**

3

The FLSA provides that the Court shall, "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The prevailing party in an FLSA case is the one who obtains either "(1) a judgment on the merits, or (2) a settlement agreement enforced through a consent decree." *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (citation omitted).

In some FLSA cases, courts have found that the reasonable fee and cost award is zero. *See generally Woods v. On Baldwin Pond, LLC*, No. 6:13-cv-726-Orl-41DAB, 2016 WL 4927639 (M.D. Fla. Sept. 16, 2016) (finding Plaintiff's counsel was not entitled to fees when he seemingly concocted and prolonged litigation over an overtime claim his client knew little to nothing about, failed to confer with the defendants before filing suit, requested fees for claims he obviously spent little time on, etc.); *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003) (finding Plaintiff's counsel was not entitled to fees when lawsuit was frivolous to begin with and counsel exaggerated the amount of hours expended); *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241 (11th Cir. 2009) (affirming Plaintiff's counsel was not entitled to fees when he failed to try to resolve dispute with the defendant law firm before filing suit).

Even if the fee and cost award should not be zero, courts retain the discretion to reduce unreasonable requests for attorneys' fees. *P&K Rest. Enter., LLC v.*

4

*Jackson*, 758 F. App'x 844, 850 (11th Cir. 2019) ("[T]he determination of a reasonable fee pursuant to § 216(b) is left to the sound discretion of the trial judge[.]") (internation quotation marks omitted). In making appropriate adjustments to the hours expended, a court may "conduct an hour-by-hour analysis or [] reduce the requested hours with an across-the-board cut[;]" it may not do both. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350–51 (11th Cir. 2008).

## DISCUSSION

While Plaintiff has not been a model of efficient resolution of legal disputes, the Court still awards Plaintiff some of his requested attorneys' fees and costs as prescribed by the FLSA. *See Johnson v. Southern Florida Paving Grp., LLC*, No. 16-CV-62689-VALLE, 2020 WL 5113592, at *2–4 (S.D. Fla. Aug. 31, 2020) (rejecting defendants' argument that the reasonable fee award should be zero, but still reducing requested fees). Plaintiff's costs and fees are reduced and awarded according to the analysis below.

## I.     Plaintiff may recover $6,643.24 in costs.

Defendants object to some of the items in Plaintiff's list of $8,107 in costs, specifically arguing that the expedited subpoena service, trial transcript, and deposition transcripts would all cost less if they were timely ordered. Doc. 66 at 9. Defendants further object to the mediation fee and accompanying proof of mail as

5

non-recoverable. *Id.* at 9–10. Defendants finally note that Plaintiff dropped Marcus Eldridge as a party and therefore did not "prevail" over him as would entitle Plaintiff to associated fees and costs. *Id.* at 10.

At the outset, the Court agrees with Defendants that Plaintiff is not a "prevailing party" over Marcus Eldridge since he was dropped from the case the day before trial began. Doc. 66 at 10. Plaintiff, therefore, has obtained neither a judgment nor a settlement and consent decree against Marcus Eldridge. *See Mayer*, 514 F. App'x at 934; *Kenny v. Critical Intervention Servs., Inc.*, 358 F. Supp. 3d 1348, 1354 (M.D. Fla. 2019) (explaining that absent a judgment or settlement establishing the plaintiff as the prevailing party, the court cannot yet assess the reasonableness of attorneys' fees). Because Plaintiff has not prevailed over Marcus Eldridge, he is not entitled to the $90 cost of serving Marcus Eldridge.

In general, prevailing parties in FLSA cases are limited to recovering costs enumerated in 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). 28 U.S.C. § 1920 provides that a judge may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Specifically regarding the costs of service of process, "fees for private process servers may be taxed under Section 1920(1), [but] such costs must not exceed the fees authorized by Section 1921 and are calculated according to the schedule of fees collected by the United States Marshals Service." *Pilipajc v. Atria Grp., LLC*, No. 8:13-cv-2415-T-35JSS, 2016 WL 7228875, at *5 (M.D. Fla. Jan. 19, 2016) (citing *Beach-Mathura v. American Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014)), *report and recommendation adopted*, 2016 WL 7228877. Explained differently, 28 U.S.C. § 1921 authorizes the USMS to charge fees for the service of process, including summons, complaints, and subpoenas. The amount of fees charged is established by 28 C.F.R. § 0.114(a)(3), currently collecting $65 per hour for personal service. Here, Plaintiff's list of costs contains three entries for service upon "Marcus," "Michael," and "Direct Home" for $90 each. Doc. 65 at 8. Plaintiff cannot recover the $90 cost to serve Marcus Eldridge, as discussed *supra*, and can recover only $65 each for the service upon Michael Eldridge and Direct Home. *Pilipajc*, 2016 WL 7228875, at *5.

7

In the same vein, Plaintiff's list of costs contains three entries for subpoena service upon trial witnesses for $270 each, dated the day the bench trial began. Doc. 65 at 8. Unjustified expedited costs, however, are not recoverable. *Paguaga v. Pinnacle One Price Dry Cleaning of Davie, LLC*, No. 20-22694-Civ-WILLIAMS/TORRES, 2023 WL 2388272, at *3 (S.D. Fla. Mar. 7, 2023) (finding the plaintiff could not recover costs associated with an unjustified rush subpoena) (citing *Osorio v. Dole Food Co.*, No. 07-22693-CIV, 2010 WL 3212065, at *11 (S.D. Fla. July 7, 2010), *report and recommendation adopted*, 2010 WL 3212062). Plaintiff has not explained the delay or consequent rush in serving the subpoenas. Thus, the Court finds that Plaintiff may not recover the $270 expedited price, but may recover only $65 for the service of each subpoena. *Pilipajc*, 2016 WL 7228875, at *5.

Similarly, rush fees associated with unnecessarily expedited transcripts are not recoverable. *Barrera v. Weiss & Woolrich Southern*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012); *Rodriguez v. Super Shine & Detailing, Inc.*, No. 09-23051-CIV, 2012 WL 2119865, at *10 (S.D. Fla. June 11, 2012). Here, Plaintiff's 266-page trial transcript cost $1,560, apparently pursuant to the seven-day expedited rate of $5.85 per page. Doc. 65 at 7; *Transcript Orders*, U.S. DIST. CT. MIDDLE DIST. FLA., https://www.flmd.uscourts.gov/transcript-orders (last visited Oct. 17, 2024). Because the Court requested that the parties submit proposed findings of fact and

conclusions of law within thirty days of the conclusion of trial, it would not be appropriate to reduce Plaintiff's costs to the ordinary thirty-day transcript rate of $4.40 per page. Doc. 63 at 42–43; *Transcript Orders*. Per Plaintiff's time records, however, the first discussion about ordering the trial transcript occurred on July 10— nearly two weeks after the conclusion of trial on June 28. Docs. 65 at 8; 58. Accordingly, it is appropriate to reduce Plaintiff's transcript cost to the expedited fourteen-day rate of $5.10 per page. This makes Plaintiff's trial transcript cost $1,356.60 rather than $1,560.

As for the deposition transcripts, Plaintiff provides that three transcripts cost a total of $3,417.59. Doc. 65 at 8. Defendants argue that "Esquire charged an 80% fee for 3-day expedited, which means the normal cost of the transcripts would have been $1898.66[.]" Doc. 66 at 9. Defendants offer no documentation or further explanation of this calculation. Both Plaintiff's time entries and list of costs reflect the depositions occurring on June 13 and 17, 2024, with their respective transcripts placed on the same date. Doc. 65 at 8–9. The trial occurred June 27 and 28. Docs. 55, 58. The Court has no basis upon which to evaluate the expedited fees or determine if they were unnecessary. Accordingly, Plaintiff will be awarded $3,417.49 for the deposition transcripts.

Finally, courts have not allowed for recovery of mediation costs because they are not listed in 28 U.S.C. § 1920. *Lewis v. Florida Default Law Grp., P.L.*, No.

8:10-cv-611-T-30AEP, 2012 WL 252837, at *4 (M.D. Fla. Jan. 26, 2012); *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1317–18 (S.D. Fla. 2009). Thus, Plaintiff cannot recover the $500 cost for the mediation and $5.40 for the proof of mail of the mediation check. After making all the above changes, Plaintiff's recoverable costs are reduced from $8,107 to $6,643.24.

## II.    Plaintiff may recover $8,301 in fees.

Plaintiff's attorneys assert that 124 hours of work have been expended on this case, incurring $52,295 in attorneys' fees thus far. Doc. 65 at 3, 11. Defendants object to many of Plaintiff's specific time entries, arguing: both opposing counsels' hourly rates should be reduced, many tasks should have been completed by a paralegal and charged according to an appropriate decreased rate, many tasks took longer than they should have, and some tasks were due to Plaintiff's own negligence and should not be chargeable against Defendants. Doc. 66 at 10–13.

Courts use the lodestar method to calculate the value of an attorney's services, multiplying the hours reasonably expended by a reasonable hourly rate. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1298–99 (11th Cir. 1988). To determine a reasonable number of hours and rate, courts consider the twelve factors outlined in *Johnson v. Georgia Highway Exp., Inc.*, 448 F.2d 714, 717–19 (5th Cir. 1974): (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the

skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

As to the hourly rate specifically, courts consider "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Courts may also consider their own expertise on proper fees and form an independent judgment with or without the aid of witnesses. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). Here, Plaintiff's counsel Robert Twombly is a managing partner of White & Twombly, P.A., licensed since 1995, who claims his hourly rate for legal services is $550. Doc. 65 at 7–8. Defense counsel on this FLSA case has similar credentials and charges $375 per hour for his work. Doc. 66 at 7; *see also Johnson*, 2020 WL 5113592, at *6 (collecting FLSA cases where requested hourly rate was reduced to $375); *but see Pena v. RDI, LLC*, No. 8:17-cv-01404-T-AAS, 2019 WL 3017574, at *1–2 (M.D. Fla. July 10, 2019) (finding unopposed motion in FLSA case for attorney's fees at $425/hour was reasonable). Accordingly, the Court

reduces Mr. Twombly's hourly rate to $400. Similarly, Plaintiff's counsel Daniel Castilla is an attorney at White & Twombly, licensed since 2023, who claims his hourly rate is $350. Docs. 65 at 7–8; 66 at 7–8. Defendants suggest that "$200 per hour for a first year attorney is more than reasonable." Doc. 66 at 8; *see also Moragomez v. Seasins LLC*, No. 20-22390-Civ-SCOLA/TORRES, 2020 WL 6828945, at *6 (S.D. Fla. Oct. 30, 2020) (finding $225/hour was reasonable rate for first-year attorney in FLSA case). The Court reduces Mr. Castilla's rate to $215/hour. Lastly, work that should have been done by a paralegal will be billed at $100/hour. *E.g.*, *Patterson v. Acad. Fire Prot., Inc.*, No. 3:13-cv-87-J-34JBT, 2014 WL 169812, at *6 (M.D. Fla. Jan. 8, 2014) (finding hourly rate of $100 for paralegal work in FLSA case reasonable).

As to the reasonable number of hours expended, attorneys must exercise billing judgment. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Hours that are excessive, redundant, or otherwise unnecessary should be excluded from a fee request. *Id.* Exclusions for excessive and unnecessary work are left to the discretion of the district court. *Norman*, 836 F.2d at 1301. The following entries on Plaintiff's time sheet will be modified, while those not mentioned will retain the same time entry (found at Doc. 65 at 8–11) but be charged per the lower rates discussed *supra*:

| Date | Original Time Entry | Task | Original Rate | Reduced Time Entry | And/Or Reduced Rate | Reason | Reduced Fee Awarded |
|------|------|------|------|------|------|------|------|

12

| Mar. 31, 2023 | 0.5 | Drafted and filed three summons requests | $550 | 0.5 | $100 | Paralegal task | $50 |
|---|---|---|---|---|---|---|---|
| Apr. 11, 2023 | 0.2 | Reviewed three summons issued by Court | $550 | 0.2 | $100 | Paralegal task | $20 |
| May 11, 2023 | 0.3 | Reviewed and filed three return of summons | $550 | 0.3 | $100 | Paralegal task | $30 |
| Dec. 12, 2023 | 0.1 | "Update on Case" | $550 | 0 | $400 | Ambiguous and therefore unable to be deemed necessary | $0 |
| Jan. 19, 2024 | 10 | Reviewed discovery, drafted responses, sent for filing | $350 | 5 | $215 | Excessive | $1,075 |
| Feb. 15, 2024 | 2 | Drafted second requests for discovery | $350 | 1 | $215 | Excessive | $215 |
| Mar. 15, 2024 | 3 | Drafted motion to vacate dismissal, researched | $350 | 0 | $215 | Unnecessary | $0 |
| Mar. 19, 2024 | 0.3; 0.5 | Met and conferred with opposing counsel regarding motion to vacate dismissal; Drafted revised | $350 | 0; 0 | $215 | Unnecessary | $0 |

13

| | | motion to vacate dismissal | | | | | |
|---|---|---|---|---|---|---|---|
| May 8, 2024 | 0.1 | "Case Status" | $550 | 0 | $400 | Ambiguous and therefore unable to be deemed necessary | $0 |
| May 13, 2024 | 0.2 | Drafted notice of appearance | $350 | 0.2 | $100 | Paralegal task | $20 |
| May 15, 2024 | 0.5 | Drafted subpoena | $350 | 0.5 | $100 | Paralegal task | $50 |
| May 16, 2024 | 0.2; 1.5; 0.1 | Drafted motion to appear via Zoom; Drafted witness and exhibit list; Resent affidavit | $350 | 0.2; 1.5; 0 | $100; $100; $215 | Paralegal task & unnecessary | $170 |
| May 17, 2024 | 0.1 | Resent affidavit | $350 | 0 | $215 | Unnecessary | $0 |
| May 21, 2024 | 3 | Prepared for and attended pretrial conference | $350 | 2 | $215 | Unnecessary | $430 |
| June 20, 2024 | 0.1 | Spoke with client about upcoming trial | $350 | 0 | $215 | Redundant | $0 |
| June 25, 2024 | 8 | Reviewed FLSA and how to calculate amounts owed | $350 | 2 | $215 | Excessive | $430 |
| June 26, 2024 | 0.5; 16 | Drafted notice of dropping party; | $350; $550 | 0.2; 8 | $215; $400 | Excessive | $43; $3,200 |

| | | Prepared for trial | | | | | |
|---|---|---|---|---|---|---|---|
| June 27, 2024 | 16 | Day one of trial; Prepared for day two of trial | $550 | 8 | $400 | Excessive | $3,200 |
| June 28, 2024 | 3 | Day two of trial | $550 | 0 | $400 | Unnecessary | $0 |
| July 27, 2024 | 9 | Finished draft of proposed findings of fact and conclusions of law | $350 | 0 | $215 | Excessive | $0 |
| July 28, 2024 | 2 | Completed revisions to proposed findings of fact and conclusions of law | $350 | 0 | $215 | Excessive | $0 |

After incorporating these changes into Plaintiff's original timesheet, and multiplying all the unmodified time entries by the lower hourly rates, Plaintiff's lodestar figure for recoverable attorneys' fees is $20,752.50.

While there is a presumption that the lodestar is the reasonable amount of fees attorneys can recover, a downward adjustment is warranted if the prevailing party only partially succeeded. *Bivins*, 548 F.3d at 1350–51 (citing *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993)). "If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably

expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount[;] . . . the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. Here, Plaintiff's filings alleged various amounts of unpaid overtime wages to which he was entitled, ranging from $9,000 to $28,275. Docs. 1-1 at 2; 61-2 at 6. At trial, he was unable to testify with any credibility as to exactly how much overtime he did, what he did, and what the Defendants owed him. Doc. 62 at 49. Relying upon Defendants' work documentation, the only accurate and complete data presented in the case, the Court determined that Defendants owed Plaintiff $443.21 in overtime pay. Doc. 64 at 6. This is hardly a successful result. Moreover, this is the result of a matter that could have been resolved prior to filing suit, and certainly prior to the two-day trial that produced no credible evidence beyond the Defendants' existing forms. Accordingly, Plaintiff's lodestar figure is reduced by sixty percent. *See Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1328–29 (M.D. Fla. 2001) (reducing lodestar figure by sixty-seven percent). Plaintiff's attorneys may recover $8,301 in fees.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

Plaintiff's Verified Motion for Attorneys' Fees and Costs, Doc. 65, is granted in part. Plaintiff is awarded $6,643.24 in costs and $8,301 in fees.

**DONE AND ORDERED** at Tampa, Florida, on October 17, 2024.

16

*/s/ William F. Jung*

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record